UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Todd Karlen,

       Plaintiff,

v.                                                          Civil No. 12-1102 (JNE/JJG)
                                                            ORDER

Jones Lang LaSalle America's, Inc.,

       Defendant.

      Plaintiff Todd Karlen ("Karlen") brought this suit against his former employer, Jones Lang LaSalle America's, Inc. ("JLLA"), alleging nonpayment of commissions and bonuses, as well as failure to reimburse him for work-related expenses. He asserted claims under Minnesota Statutes § 181.03 and § 181.13, as well as under theories of breach of contract, unjust enrichment, and promissory estoppel.[1] Now before the Court is JLLA's Motion for Summary Judgment.

      For the reasons stated on the record, JLLA's motion is granted in part and denied in part. The Court grants summary judgment in favor of JLLA with respect to Karlen's claims for nonpayment of a 2011 bonus, nonpayment of commissions allegedly owed for the leasing of 3,767 square feet of basement space to Primebar, nonpayment of commissions allegedly owed for leasing revenue resulting from a lease executed with H&M, and for JLLA's failure to reimburse Karlen $134.83 for work-related expenses. The Court finds, however, that JLLA's conditional payments relating to the leasing revenue flowing from Primebar's lease of 6,457 square feet of first-floor space did not constitute payment of commissions Karlen earned. This nonpayment constitutes a violation of Minnesota Statutes § 181.03 and § 181.13, as well as

---

[1] Karlen failed to oppose JLLA's motion for summary judgment with respect to the unjust enrichment and promissory estoppel claims. These claims are therefore deemed to be waived. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 756 (8th Cir. 2009).

breach of contract. Under Minnesota Statutes § 181.03, Karlen is entitled to twice the amount of commissions earned and unpaid, amounting to $69,042.00. Under Minnesota Statutes § 181.13, Karlen is entitled to his average daily earnings for fifteen days, amounting to $3,461.54. JLLA is therefore ordered to pay Karlen the sum of $72,503.54. Under Minnesota Statutes § 181.171, the Court must also order JLLA to pay reasonable costs, disbursements, witness fees, and attorney fees. Such costs and fees will be addressed separately. Counsel for Karlen is directed to submit to the Court a bill of costs representing the costs and fees associated only with Karlen's successful claims for nonpayment of the commissions owed related to the Primebar lease of first-floor space.

Therefore, IT IS ORDERED THAT:

1. JLLA's Motion for Summary Judgment [Docket No. 17] is GRANTED IN PART and DENIED IN PART.

2. JLLA's motion is granted, except to the extent that Karlen claims he was not paid the commissions owed for the lease of first-floor space to Primebar. Because this nonpayment constitutes a violation of Minnesota Statutes §§ 181.03 and 181.13, JLLA is ordered to pay to Karlen $72,503.54, representing commissions owed and applicable statutory damages. Reasonable costs and fees under Minnesota Statutes § 181.171 will be addressed separately.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 23, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge